**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Horace Lemar EDWARDS and Ronald
Clifton, Defendants-Appellants.**

No. 30601
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1971.

Victor Arditti, El Paso, Tex., (Court appointed), for Clifton.

Robert R. Bryan, Birmingham, Ala., amicus curiae.

Seagal V. Wheatley, U. S. Atty., Haskell Shelton, James E. Bock, Assts. U. S. Attys., for respondent-appellee.

Before WISDOM,** COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

A jury convicted Horace Lemar Edwards of unlawfully carrying a pistol and of armed robbery on a military reservation. The same jury convicted Ronald Clifton on two counts of robbery at the same location as well as unlawfully carrying a pistol thereon, 18 U.S.C., § 13; Art. 1408 Vernon's Ann. Texas Penal Code. We reverse, and remand for a new trial.

The case for the prosecution rested upon identification furnished by the victims of the alleged robberies and upon the seizure of the weapons when the defendants were arrested. The defense was an alibi.

Edwards and Clifton seek reversal on the following grounds: (1) because Edwards inadvertently entered a plea of guilty to the weapon charge in the presence of the jury; (2) the defendants were not allowed the correct number of peremptory challenges in the selection of the jury; (3) Edwards was denied his request for a polygraph examination; (4) there was no probable cause for the arrest of the defendants, which lead to the discovery of the weapons in question; and (5) the trial judge committed plain error in certain of his charges to the jury.

As to the instructions given the jury this case is almost completely identical to the situation existing in United States v. Dillion, 5 Cir., 1971, 446 F.2d 598.

Dillon is, therefore, controlling. Reversal for a new trial cannot be avoided.

Reversed and remanded for a new trial.

**NATIONAL LABOR RELATIONS
BOARD, Petitioner,**

v.

**PAYMASTER OIL MILL CO., a Division
of Anderson, Clayton & Co., Inc.,
Respondent.**

No. 30867.

United States Court of Appeals,
Fifth Circuit.

June 1, 1971.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al. 5 Cir., 1970, 431 F.2d 409, Part I.

** Judge Wisdom participated in the decision placing this appeal on the Summary Calendar, and to reverse and remand the judgment of the District Court. He did not participate in the rendition of this opinion, see 28 U.S.C., § 46(d).

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Charles M. Paschal, Director Region 15, N. L. R. B., New Orleans, La., Edward Wendel, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Elliott Moore, Atty., N. L. R. B., for petitioner.

Louis A. Fuselier, Emile C. Ott, Jackson, Miss., for respondent; Fuselier, Hector & Ott, Jackson, Miss., of counsel.

Before GEWIN, BELL and MORGAN, Circuit Judges.

PER CURIAM:

Enforced. See Local Rule 21.[1]

J. Glenn Turner, Dallas, Tex., for petitioner-appellant.

Charles D. Boyd, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Lonny F. Zwiener, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This habeas corpus proceeding involving a state prisoner raises evidentiary procedural matters which do not rise to the level of substantial federal constitutional questions. The district court was therefore correct in denying relief.

Affirmed.

---

**Charles D. BOYD, Petitioner-Appellant,**

v.

**Dr. Charles J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 71-1470

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 25, 1971.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Tyrone Power TOWNSEND, Defendant-Appellant.**

No. 71-1899

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 10, 1971.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F. 2d 966.

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.